No. 23-13253

# In the
# United States Court of Appeals
# for the Eleventh Circuit

ERIC ANDRÉ and CLAYTON ENGLISH,
*Plaintiffs-Appellants*,

v.

CLAYTON COUNTY, GEORGIA; KEVIN ROBERTS, in his official capacity as Chief of the Clayton County Police Department; AIMEE BRANHAM, individually and in her official capacity as a police officer of the Clayton County Police Department; MICHAEL HOOKS, individually and in his official capacity as an investigator of the Clayton County District Attorney; TONY GRIFFIN, individually and in his official capacity as a police officer of the Clayton County Police Department; KAYIN CAMPBELL, individually and in his official capacity as a police officer of the Clayton County Police Department; and CAMERON SMITH, individually and in his official capacity as a police sergeant of the Clayton County Police Department,
*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Georgia, Hon. Mark H. Cohen,
Docket No. 1:22-cv-04065-MHC

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* INSTITUTE FOR JUSTICE IN SUPPORT OF PLAINTIFFS-APPELLANTS**

DANIEL L. ALBAN
  *Counsel of Record*
**INSTITUTE FOR JUSTICE**
901 North Glebe Road, Ste. 900
Arlington, Virginia 22203
(703) 682-9320
dalban@ij.org

JOSHUA J. FOUGERE
ALARIC R. SMITH
AUSJIA L. PERLOW
DAVID H. KINNAIRD*
SUSAN K. WHALEY
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

*Counsel for* Amicus Curiae
*Institute for Justice*

*Admitted only in Maryland and practicing law in the District of Columbia under the supervision of principals of the firm who are members in good standing of the D.C. Bar.

*Eric André et al. v. Clayton County, Georgia et al.*, Record No. 23-13253

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 29-1, *Amicus Curiae* Institute for Justice, through its undersigned counsel, certifies that the list of interested persons identified by Plaintiffs-Appellants in their Certificate of Interested Persons, filed on January 12, 2024, is correct and complete.

Dated: January 19, 2024

Respectfully submitted,

/s/ *Daniel L. Alban*
Daniel L. Alban

*Counsel for* Amicus Curiae *Institute for Justice*

*Eric André et al. v. Clayton County, Georgia et al.*, Record No. 23-13253

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 29-1, the Institute for Justice, through its undersigned counsel, certifies that it is a private, nonprofit civil liberties law firm.  It is not a publicly held corporation and does not have any parent corporation.  No publicly held corporation holds 10 percent or more of its stock.  No publicly held corporation has a direct financial interest in the outcome of this litigation.

Dated: January 19, 2024         Respectfully submitted,

                                */s/ Daniel L. Alban*
                                Daniel L. Alban

                                *Counsel for* Amicus Curiae *Institute for Justice*

# ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Eleventh Circuit Rule 29-1, the Institute for Justice ("IJ") respectfully requests leave to file the attached brief as *amicus curiae* in support of Plaintiffs-Appellants. IJ's motion for leave to file is timely filed pursuant to Federal Rule of Appellate Procedure Rule 29(a)(6).

IJ is a nonprofit, public-interest law firm committed to defending the foundations of a free society, including the guarantee that each individual be secure in their person and property and that liberty and property may only be taken away by due process of law. Over the last decade, IJ has advocated for victims of suspicionless searches and seizures and profit-driven civil forfeiture programs that deprive law-abiding citizens of their property. *See, e.g.*, *Ingram v. Wayne Cnty.*, 81 F.4th 603 (6th Cir. 2023) (successfully challenging county's practice of seizing personal vehicles without providing a post-seizure hearing to test probable cause); *Highlander v. Va. Dep't of Wildlife Res.*, No. CL23-4100 (14th Jud. Cir. Ct., Henrico Cnty., Va. Oct. 27, 2023) (challenging suspicionless "open fields" search and subsequent suspicionless seizure of hunting cameras); *Harjo v. City of Albuquerque*, 326 F. Supp. 3d 1145 (D.N.M. 2018) (successfully challenging city's civil forfeiture program on unconstitutional-profit-incentive grounds).

IJ also frequently offers its perspective as *amicus curiae* in critical Fourth Amendment and civil forfeiture cases, *see, e.g.*, *Carpenter v. United States*, 138 S. Ct. 2206 (2018); *Culley v. Marshall*, 143 S. Ct. 1746 (2023); *Smith v. State*, No. S23G0701 (Ga. Oct. 20, 2023), and publishes original research quantifying the problems posed by civil forfeiture and suspicionless searches and seizures, *see, e.g.*, Lisa Knepper et al., *Policing for Profit* (3d ed. 2020); Jennifer McDonald, *Jetway Robbery? Homeland Security and Cash Seizures at Airports* (2020); Brian D. Kelly, *Fighting Crime or Raising Revenue?* (2019); Brian D. Kelly, *Does Forfeiture Work? Evidence from the States* (2021).

IJ respectfully submits that the proposed brief will aid the Court in its consideration of this matter. The brief will, for example, provide the Court with information about law enforcement agencies' use of interdiction programs and civil forfeiture, as well as the broader importance of jetway interdiction and its detrimental effects on the property rights of the citizen. As IJ's independent research suggests, law enforcement agencies routinely use these mechanisms to raise revenue for their own budgets. Because the burden of proof to forfeit property is reduced, because the procedural protections for claimants are small, and because the potential reward can be high, law enforcement officers are strongly incentivized to pursue civil forfeiture. *See Leonard v. Texas*, 580 U.S. 1178, 1179 (2017) (Statement of Thomas, J., respecting denial of certiorari) ("[C]ivil forfeiture has in recent decades

become widespread and highly profitable. And because the law enforcement entity responsible for seizing the property often keeps it, these entities have strong incentives to pursue forfeiture." (citations omitted)).

In dismissing Appellants' complaint, the district court neglected to consider the full extent of these circumstances surrounding a typical jetway interdiction in determining that the encounters at issue were consensual. This case provides an important opportunity for this Court to make clear that an appropriate Fourth Amendment analysis requires that courts account for *all* circumstances, including law enforcement agencies' financial motivations and the realities of the airport in a post-9/11 world.

The proposed brief has not been authored by counsel for a party. Nor has a party or a party's counsel or any other person contributed money to fund the preparation and submission of the proposed brief.

Before filing this motion, IJ sought the consent of each party to file the attached brief. Counsel for Plaintiffs-Appellants consented to the filing of this brief. On January 12, 2024, IJ contacted counsel for Defendants-Appellees; however, Defendants-Appellees did not consent to its filing. This motion therefore followed.

# CONCLUSION

For the foregoing reasons, IJ respectfully requests that the Court grant its motion for leave to file the attached brief as *amicus curiae* in support of Plaintiffs-Appellants.

Dated: January 19, 2024

Respectfully submitted,

/s/ *Daniel L. Alban*
Daniel L. Alban

DANIEL L. ALBAN
 *Counsel of Record*
**INSTITUTE FOR JUSTICE**
901 North Glebe Road, Ste. 900
Arlington, Virginia 22203
(703) 682-9320
dalban@ij.org

JOSHUA J. FOUGERE
ALARIC R. SMITH
AUSJIA L. PERLOW
DAVID H. KINNAIRD\*
SUSAN K. WHALEY
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

*Counsel for* Amicus Curiae
*Institute for Justice*

\*Admitted only in Maryland and practicing law in the District of Columbia under the supervision of principals of the firm who are members in good standing of the D.C. Bar.

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this motion:

(1) complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the part of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 655 words; and

(2) complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Respectfully submitted,

/s/ *Daniel L. Alban*
Daniel L. Alban

*Counsel for* Amicus Curiae
*Institute for Justice*

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

Respectfully submitted,

/s/ *Daniel L. Alban*
Daniel L. Alban

*Counsel for* Amicus Curiae
*Institute for Justice*